GALLAGHER & ASCHER *v.* UNITED STATES (No. 1556).[1]

1. JARS—PARAGRAPH 97 OF THE ACT OF 1909 CONSTRUED.

A receptacle 2 by 6 by 10 inches, with open top, and no apparent provision for covering, used by photographers as a bath for sensitized photographers' plates, does not fall within the provision for jars in paragraph 97 of the act of 1909, as the term "jars," as there employed, is expressly restricted to such as are ordinarily employed as containers for the holding or transportation of merchandise.

2. THE FINDING OF THE COLLECTOR AS PRESUMPTIVE EVIDENCE OF CORRECT CLASSIFICATION.

No evidence having been offered to impeach the finding of the appraiser that the article in question is blown glass, the assessment under paragraph 98 of the act of 1909 as blown glass must control.

---

[1] Reported in T. D. 35924 (29 Treas. Dec., 592).

United States Court of Custom Appeals, November 19, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37372.

[Affirmed.]

*Lester C. Childs* for appellant.

*Bert Hanson*, Assistant Attorney General (*Luke Lamb*, special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise involved in this case consists of a glass receptacle. In form it is rectangular, and the exterior dimensions are about 2 by 6 by 10 inches, with the top entirely open. There is no contracting of the top to admit of a cap. Its use is to contain a solution of chemicals into which are immersed, as occasion requires, sensitized photographic plates. The collector classified the merchandise as blown glass, and the appraiser reported to the collector that the articles consisted of blown glass receptacles used in photography and known as glass baths. The importation was made under the act of 1909. The importers protested, claiming the goods dutiable under paragraph 97 as glass jars, or, alternatively, under paragraph 109, as manufactures of glass.

The evidence offered by the importers consists of the testimony of Thomas W. Mugford, who is manager of Burke & James, photograph apparatus and supplies. He testified that the articles in question were used to contain a solution and sensitized plates for photographic work. When asked the question, "Do you handle any glass jars of any kind for any purpose?" he answered:

I don't know what you classify as a jar; we handle corks, bottles, jars—all made of glass.

Q. And they are used for what; as containers?—A. For containers; some for measuring purposes.

On cross-examination he was asked:

Q. You don't handle anything that you call jars, do you?—A. Well, the word " jar "——

Q. I ask you what you call a jar?—A. I ask the definition of the word " jar."

Q. I ask you what you call jars? You don't handle anything of that kind?—A. I would call that a jar.

Q. Do you call this a jar when you handle it?—A. I call it a bath.

Q. A bath?—A. Yes, sir.

Q. What kind?—A. A glass bath.

Q. What is it that you bathe in this glass bath?—A. A glass plate.

Q. So it is not used solely as a container?—A. As a container of solution, yes.

Q. You understand what " solely " means, don't you?—A. I think I do.

Q. And you use it for putting something besides the solution in it, don't you?—A. In order to sensitize the plate.

Q. Do you or do you not?—A. It contains only the solution.

Q. Does it not contain the plate that you put in it?—A. The plate is dipped, but it is held or contained upon a dipper while it is being inserted into that bath.

\*       \*       \*       \*       \*       \*       \*

Q. And you don't call this, in your ordinary conversation in your place of business or the people you deal with, a jar, do you?—A. No, sir.

It is very doubtful whether, under this testimony or under the ordinary definitions of the word "jar" as found in the dictionaries, a vessel such as that in question here could appropriately be called a jar. But we are not left to determine this case upon the uncertain meaning of the term, for in the act in question, paragraph 97, a restriction is placed upon the definition of the word "jar" by the proviso, which reads:

*Provided further,* That the terms bottles, vials, jars, demijohns, and carboys, as used herein shall be restricted to such articles when suitable for use as and of the character ordinarily employed as containers for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations.

The testimony in this case shows conclusively that this receptacle is used in photography as a bath for sensitized plates, and not as a jar simply for the containing of merchandise. Its form is such as to lend itself readily to the use for which it is intended, and the witness Mugford testified that he had never known them to be used for anything else and that they are designed to be used in that way.

There was no testimony negativing the finding of the collector and the report of the appraiser that this article was of blown glass. Therefore it can not be relegated to the catchall provision of paragraph 109, as was alternatively claimed in the protest, which claim was not pressed in the brief of counsel.

The decision of the Board of General Appraisers is *affirmed.*